### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: APPLICATION OF NINA URBANOWSKI, COUNTY TREASURER AND EX OFICIO COUNTY COLLECTOR IN AND FOR THE COUNTY OF BUREAU FOR JUDGMENT AND ORDER OF SALE ON DELINQUENT PROPERTIES FOR THE YEAR 2008, AND ANY AND ALL PRIOR YEARS, | Case No. 13-1268 |

## O R D E R

This matter is now before the Court on Motions to Dismiss by the S.Sodeman Living Trust (the "Trust") and Nina Urbanowski, as well as a Motion to Strike by the Postal Service. For the reasons set forth below, the Trust's Motion to Dismiss [3] is GRANTED. Ms. Urbanowski's Motion to Dismiss [6] and the Motion to Strike [8] the Motion to Dismiss are MOOT.

#### BACKGROUND

The United States Postal Service ("USPS") was the owner of a parcel of land located at 315 S. Pleasant Street, Princeton, Illinois. Bureau County levied taxes against the property, and after the USPS did not pay the taxes, Ms. Urbanowski, acting in her capacity as the Bureau County Treasurer and Collector, sold the property at an annual tax sale to the Trust on October 26, 2009. On November 13, 2012, the Circuit Court issued a tax deed to the Trust, which was recorded on April 3, 2013.

On April 15, 2013, Ms. Urbanowski filed a motion pursuant to 735 ILCS 5/2-1401 and 35 ILCS 200/22-45 seeking relief from the final order issuing the tax deed. The USPS removed the case to this Court on June 14, 2013. Ms. Urbanowski and the Trust have now moved to dismiss the Complaint for lack of federal jurisdiction. The matter is fully briefed, and this Order follows.

**Legal Standard**

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rule of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

**Analysis**

The Trust argues that the USPS's attempt to attack the state court judgment would be barred by the Rooker-Feldman doctrine. Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review determinations of state court judgments or claims that are "inextricably intertwined" with state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999). The effect of this doctrine is to make it clear that "no

matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." Remer v. Burlington Area School District, 205 F.3d 990, 996 (7th Cir. 2000).

The USPS responds that the Rooker-Feldman doctrine does not bar federal district court review where the state court lacked jurisdiction to enter the judgment in the first place. Specifically, the USPS relies on a line from Rooker itself, noting that the state court "had jurisdiction of both the subject-matter and the parties," before going on to argue that an order vacating a state court order made without subject-matter jurisdiction does not involve a review of the merits. This appears to be referred to in caselaw as the rarely-invoked "void ab initio" exception to the Rooker-Feldman doctrine. *See* Schmitt v. Schmitt, 324 F.3d 484, 487 (7th Cir. 2003). While some circuits have applied this exception to open the doors to federal district court, the Seventh Circuit does not appear to be among them. In Schmitt, much like the argument advanced by the USPS here, the movant argued that faulty service of process had deprived the state courts of jurisdiction over him, resulting in a void judgment. Id. The Court of Appeals noted that it acknowledged the exception but had not endorsed it before concluding that "[w]hile a void *ab initio Rooker-Feldman* exception might be appropriate in some bankruptcy cases (apparently the only situation in which it has been applied) in order to protect the dominant federal role in that specialized area of the law, it has no place here. As we have said, the Illinois state courts were competent to determine their own jurisdictional boundaries, so there is no need for the federal court to intervene." Id. This is consistent with the Seventh Circuit's earlier pronouncement on the issue, where the court stated, "Put another way, if the injury which the federal plaintiff alleges resulted from the state court judgment itself, then *Rooker-Feldman* controls, and the lower federal courts lack jurisdiction over the claim. It does not

matter that the state court judgment might be erroneous or even unconstitutional." Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 510 (7th Cir. 1996).

While the Supremacy Clause of the United States Constitution and principles of sovereign immunity certainly call into question the process resulting in Bureau Country's sale of a United States Post Office property, this Court must reluctantly conclude that it lacks jurisdiction to grant the relief requested in this removal action, as the relief sought is not available in this forum. Assuming that the state court does not act promptly to remedy the situation, as it has been requested to do by Ms. Urbanowski, the appropriate place to seek a reversal of the state court judgment is the United States Supreme Court.

## CONCLUSION

For the reasons set forth above, the Trust's Motion to Dismiss [3] is GRANTED and the Motion to Dismiss by Ms. Urbanowski [6] is MOOT, as is the Motion to Strike [8] the Motion to Dismiss. While the Seventh Circuit has not addressed this specific circumstance directly, holdings in analogous cases suggest that the Court of Appeals would find against applying the void *ab initio* exception to the Rooker-Feldman doctrine to vest this Court with jurisdiction to grant the relief requested in this matter. The Court finds that is lacks jurisdiction to proceed in this case and remands the matter to the Circuit Court for the Thirteenth Judicial Circuit, Bureau County, Illinois.

ENTERED this 20th day of August, 2013.

                                                  s/ James E. Shadid
                                                  James E. Shadid
                                                  Chief United States District Judge